IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY E. SNOW                                                                                    PLAINTIFF

vs.                                             Civil No. 2:17-cv-02196

NANCY A. BERRYHILL                                                                        DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jimmy E. Snow ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.     Background:

Plaintiff protectively filed his disability application on October 9, 2015. (Tr. 17). In this

application, Plaintiff alleges being disabled due to anxiety, depression, high blood pressure, and post-

traumatic stress disorder. (Tr. 177). Plaintiff alleges an onset date of April 17, 2015. (Tr. 17). His

application was denied initially and again upon reconsideration. (Tr. 53-79).

Plaintiff requested an administrative hearing on his denied application. (Tr. 106). This

hearing request was granted, and Plaintiff's hearing was held on September 19, 2016 in Fort Smith,

Arkansas. (Tr. 31-52). At this hearing, Plaintiff was present and was represented by Greg Goodell. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spraggins testified at this hearing. *Id.*

On November 4, 2016, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 14-30). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 17, 2015, his alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: adjustment disorder with mixed anxiety and depressed mood; and unspecified anxiety disorder. (Tr. 19, Finding 3). The ALJ also determined that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19-20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 20-25, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Work is limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes, and no more than incidental contact with coworkers, supervisors, and the general public.

*Id.*

The ALJ determined Plaintiff was fifty (50) years old, which is defined as "an individual

closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), on his alleged disability onset date. (Tr. 25, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 25, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 25, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a cook's helper (medium, unskilled) with 275,000 such jobs in the nation and 2,400 such jobs in Arkansas; price marker (light, unskilled) with 496,000 such jobs in the nation and 4,300 such jobs in Arkansas; and small product assembler (sedentary, unskilled) with 203,000 such jobs in the nation and 4,000 such jobs in Arkansas. (Tr. 26). Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 17, 2015 (alleged onset date) through November 9, 2016 (ALJ's decision date). (Tr. 26, Finding 11).

Plaintiff sought review with the Appeals Council. On September 21, 2017, the Appeals Council denied this request for review. (Tr. 1-3). On October 19, 2017, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 15-16. This case is now ready for determination.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record because the ALJ improperly assessed his RFC, including his subjective complaints.  ECF No. 15 at 1-12.  Upon review, the Court finds the ALJ has not a supplied a sufficient basis for discounting Plaintiff's subjective complaints.  Thus, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination upon the fact Plaintiff's subjective complaints were not

---

require the analysis of these additional factors in this case.

supported by his medical records. (Tr. 20-25). In his opinion, the ALJ summarized Plaintiff's

medical records and discounted his subjective complaints because they were not supported by the

objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 22).

Indeed, although the ALJ later also referenced Plaintiff's "relatively active lifestyle, caring

for his small son, working on the golf course he has leased, and trying to get a consolidated loan to

have money to pay the bills and open the golf course," the ALJ's assessment of these daily activities

was not entirely accurate. (Tr. 25). His "relatively active lifestyle" includes caring for his son, but

Plaintiff testified that his mother helps him with his son. (Tr. 44). Furthermore, his "golf course"

work is also overstated, as Plaintiff is only "tending to it as he can and afford" and "has not been able

to open the course" despite his efforts to do so. (Tr. 276). The ALJ himself noted Plaintiff had *not*

*been able* to obtain a consolidated loan to open the golf course. (Tr. 25). These are not valid reasons

for discounting Plaintiff's subjective complaints.

Without more and considering the ALJ's entire opinion with his emphasis on Plaintiff's

medical records, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon

his medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints

cannot be discounted "solely because the objective medical evidence does not fully support them [the

subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for

discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE